THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MEGAN DOUGLAS, individually,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK,<br><br>Defendant. | Case No. 3:18-cv-05451- BHS<br><br>SUPPLEMENTAL DECLARATION OF ANDREW HOYAL RE ADDITIONAL AUTHORITY/EVIDENCE IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

I, Andrew Hoyal, hereby declare:

1. I am one of the attorneys for plaintiff Douglas, base this declaration upon personal knowledge, and am competent to testify to the matters set forth herein.

2. Attached as Exhibit 1 is a true and correct copy of an October 10, 2018 letter from the Office of the General Counsel for the National Transportation Safety Board re Disclosure of investigative information. The letter is address to counsel for Amtrak, and copied to counsel for plaintiffs in several of the Amtrak cases.

3. The matters discussed in Exhibit 1 are relevant to the litigation hold issue discussed at page 11 of plaintiff's response in opposition to Amtrak's Motion for Protective Order. Dkt. 15.

SUPPLEMENTAL DECLARATION
OF ANDREW HOYAL - 1
Case No. 3:18-cv-05451- BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON 98104
(206) 467-6090

1  I hereby declare under penalty of perjury under the laws of the State of Washington that

2  the foregoing is true and correct.

3  DATED this 11th day of October, 2018 at Seattle, WA.

4
*/s/ Andrew Hoyal*
ANDREW HOYAL, WSBA 21349
5  701 Fifth Avenue, Suite 6700
Seattle, WA  98104
6  Telephone: (206) 467-6090
andy@luveralawfirm.com

SUPPLEMENTAL DECLARATION
OF ANDREW HOYAL - 2
Case No.  3:18-cv-05451- BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the below date I electronically filed the foregoing with the Clerk of

3

the Court using the CM/ECF system which will send notification of such filing to the following:

4

Tim D. Wackerbarth
Andrew G. Yates
5
Warren E. Babb, Jr.
Jeffrey M. Odom
6
Lane Powell, PC
1420 Fifth Avenue, Suite 4200
7
PO Box 91302
Seattle, WA  98111-9402
8
Telephone:  206.223.7000
Facsimile:  206.223.7107
9
wackerbartht@lanepowell.com
yatesa@lanepowell.com
10
babbw@lanepowell.com
odomj@lanepowell.com
11

12
DATED this 11th day of October, 2018, at Seattle, Washington.
13
*/s/ Dee Dee White*
DEE DEE WHITE
14
Paralegal
Luvera Law Firm
15
701 Fifth Avenue, Suite 6700
Seattle, WA  98104-7016
16
Telephone: 206.467.6090
Facsimile: 206.467.6961
17
deedee@luveralawfirm.com

18

19

20

21

22

23

24

SUPPLEMENTAL DECLARATION
OF ANDREW HOYAL - 3
Case No.  3:18-cv-05451- BHS

**LUVERA LAW FIRM**
ATTORNEYS AT LAW

6700 COLUMBIA CENTER • 701 FIFTH AVENUE
SEATTLE, WASHINGTON  98104
(206) 467-6090

EXHIBIT 1

**National Transportation Safety Board**

Washington, DC 20594 | www.ntsb.gov

OFFICE OF THE GENERAL COUNSEL

October 10, 2018

**VIA EMAIL:**
**mlandman@lcbf.com**

Mark Landman, Esq.
Landman Corsi Ballaine & Ford P.C.
120 Broadway
New, York, NY 10271

      Re:    Disclosure of investigative information;
                National Transportation Safety Board (NTSB) Accident No. RRD18MR001

Dear Mr. Landman:

      I am writing to update you and your client, Amtrak, about the scope of the "investigative hold" to which Amtrak is subject. Amtrak is a party to the NTSB investigation of an overspeed derailment in DuPont, WA that occurred on December 18, 2017. Shortly after the accident, in a letter dated December 28, 2017, an attorney in the NTSB Office of General Counsel explained Amtrak's responsibility, pursuant to 49 C.F.R. § 831, to not disclose investigative information as long as it was a party to the investigation and the NTSB had not yet publicly released the information or otherwise approved its release. The letter explained that this restriction applied to responding to civil discovery requests.

      Amtrak is in litigation and has been served with discovery requests that seek information that may be subject to the investigative hold. I have reviewed the requests and conferred with the Investigator in Charge (IIC). As explained below, the NTSB no longer objects to disclosing some of the information requested as long as a protective order is in place that (1) requires that the information be used only for the purposes of conducting the litigation; and (2) prohibits both parties from disclosing the information to anyone who does not need to know the information to conduct the litigation.

      This past July, the NTSB held an investigative hearing to develop additional information about the derailment. At that time, the agency disclosed a significant amount of information about the accident in its public docket supporting the hearing. Much of the information sought in the discovery requests may already be available in the public docket. Given the agency's public disclosure in connection with the hearing and the overall progress of the investigation, the NTSB does not object to Amtrak releasing information responsive to interrogatories 1–5 and requests for production (RFPs) 1–5, 8–9, 11–17, and 20–37 as long as the information is subject to the aforementioned protective order.

      RFPs 6 and 10 ask for information that may still be subject to the investigative hold. RFP 6 seeks a copy of all investigations into the derailment. RFP 10 seeks a broad range of post-accident records. The NTSB objects to Amtrak disclosing (1) records or information documenting NTSB investigative activities, or (2) records or information that Amtrak obtained from the NTSB or from other parties solely by virtue of its participation as a party to the NTSB investigation.

RFP 7 seeks event recorder data and audio and video recordings. The NTSB does not object to Amtrak releasing event recorder data. However, note that the disclosure and use of rail video and voice recorder recordings and still images in litigation is restricted by 49 U.S.C. §§ 1114, 1154, which were both recently amended by the National Transportation Safety Board Reauthorization Act of 2018, Pub. L. 115-254, Div. C., § 1104, 132 Stat. 3186, 3429–30.[1]

RFPs 18–19 by their terms seek information that Amtrak provided to or received from the NTSB while Amtrak was a party to the agency's investigation. The NTSB objects to Amtrak disclosing information responsive to this request because it intrudes into NTSB's investigative functions and activities. The NTSB does not object to the underlying information being released if it is independently responsive to another RFP. The NTSB objects to information being specifically identified as having been provided to or received from the NTSB.

In the near future the NTSB expects to release its final docket and final report for this investigation.[2] The agency will address any lingering limitations on discovery at that time. Please feel free to contact me at (202) 314-6630 or matthew.mckenzie@ntsb.gov to discuss further if you wish.

Sincerely,

Matt McKenzie
Attorney

Encl
cc:   Tim Wackerbath, Esq.
      Kevin Durkin, Esq.

---

[1] Records or information released pursuant to RFPs 6, 7, and 10 must also be subject to the aforementioned protective order.

[2] The aforementioned investigative hearing did not conclude the investigation. An investigative hearing is a forum for the agency to publicly conduct additional fact finding. The hearing is meant to facilitate further investigation and analysis.