UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MEGAN DOUGLAS,

                    Plaintiff,

        v.

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK,

                    Defendant.

CASE NO. C18-5451 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR A
PROTECTIVE ORDER

This matter comes before the Court on Defendant National Railroad Passenger
Corporation's ("Amtrak") motion for a protective order.  Dkt. 9.  The Court has
considered the pleadings filed in support of and in opposition to the motion and the
remainder of the file and hereby denies the motion for the reasons stated herein.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On December 18, 2018, Plaintiff Megan Douglas ("Douglas") boarded Amtrak
Train No. 501 originating in Seattle, WA.  About 40 miles south of Seattle, the train
entered a corner at a high rate of speed and derailed.  On June 7, 2018, Douglas filed a
complaint against Amtrak.  Dkt. 1.  Douglas asserts claims for negligence and a violation

of Washington's Consumer Protection Act, RCW Chapter 19.86 ("CPA"), and seeks "all economic and non-economic damages along with all compensatory, pecuniary and exemplary damages." *Id.* ¶ 6.1.

On July 16, 2018, Amtrak answered and conceded that it "will not contest liability for compensatory damages proximately caused by the derailment of Train 501 on December 18, 2017." Dkt. 8, ¶ 4.3.

On August 22, 2018, Amtrak filed a motion for a protective order. Dkt. 9. Amtrak seeks an order that limits discovery to compensatory damages or, in the alternative, defers discovery until after the National Transportation Safety Board ("NTSB") issues its final report on the accident. *Id.* On August 29, 2018, Douglas responded. Dkt. 15. On August 31, 2019, Amtrak replied. Dkt. 17. On October 11, 2018, Douglas filed a supplemental declaration and a letter from the Office of the General Counsel for the NTSB regarding the disclosure of investigative information ("NTSB Letter"). Dkt. 21.

## II. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). However, "the court must limit the frequency or extent of discovery [if] . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "The court may, for good cause, issue an order to protect a party from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1). When a defendant admits liability for all damages caused to a plaintiff, the court may limit discovery to damages. *See*

*Broncel v. H & R Transp., Ltd.*, 2011 WL 319822, (E.D. Cal. Jan. 28, 2011) (holding that plaintiff was not entitled to depose defendant Wilson because defendants had already admitted liability); *Ayat v. Societe Air France*, 2008 WL 114936, (N.D. Cal. Jan. 8, 2008) (holding further discovery into liability not warranted because defendant did not contest liability and only asserted three affirmative defenses, all related to damages).

In this case, Amtrak's "discovery" motion is a thinly veiled motion for dispositive relief. For example, Amtrak argues that the Court should apply "Washington law to the issue of punitive damages and no discovery on this topic should be permitted." Dkt. 9 at 10–11. Choice of law, however, is an issue in this case, and Douglas has shown that some authority exists for the Court to allow punitive damages under another jurisdiction's law. *See* Dkt. 15 at 9–11. To the extent punitive damages is an issue in this case, discovery related to this issue is relevant, and Amtrak may only obtain a protective order if it establishes that the requested discovery is disproportional to the needs of the case, otherwise unduly burdensome or unnecessarily expensive, or lacks importance to the issues at stake. Amtrak has failed to show that any of these circumstances warrant a limitation on relevant discovery. The same is true of Amtrak's attempt to limit discovery related to comparative fault and Douglas's CPA claim. Therefore, the Court denies Amtrak's motion for a protective order on the relevance of certain discovery.

Amtrak also seeks a stay of some discovery until the NTSB issues its final report. Dkt. 9 at 12. However, according to the NTSB Letter, Amtrak may disclose some information as long as it is subject to a protective order as explained in the letter. *See* NTSB Letter ("the NTSB no longer objects to disclosing some of the information

requested as long as a protective order is in place").  Amtrak should produce this information in due course.  Regarding other information, the NTSB directed Amtrak not to produce some information pursuant to its investigative hold.  Amtrak should produce a privilege log of documents under hold and produce that log in due course.  In any event, Amtrak has failed to show good cause for a stay of discovery pending the NTSB issuing a final report.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Amtrak's motion for a protective order, Dkt. 9, is **DENIED**.

Dated this 18th day of October, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge