THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MEGAN DOUGLAS, individually,<br><br>              Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION d/b/a AMTRAK,<br><br>              Defendant. | Case No. 3:18-cv-05451-BHS<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION FOR CLARIFICATION OF ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>**NOTE ON MOTION CALENDAR: OCTOBER 31, 2018** |

## I.  RELIEF REQUESTED & INTRODUCTION

Pursuant to LCR 7(h), Defendant National Railroad Passenger Corporation (Amtrak) respectfully moves for an order clarifying the Court's October 18, 2018 Order Denying Defendant's Motion for a Protective Order ("Order"). Amtrak recognizes that such motions are generally disfavored under the Court's local rules, but it nonetheless submits this motion because it believes clarification is required as to the scope of the Order and that such clarification will further the efficient conduct of this action consistent with the aims of Fed. R. Civ. P. 1 and LCR 26(f).

## II.  FACTUAL BACKGROUND

On October 18, 2018, this Court issued the Order, which denied Amtrak's request to limit discovery to compensatory damages issues. *See* Dkt. 22. This Court has now issued substantively identical orders in *Wilmotte v. NRPC*, 2:18-cv-00086-BHS, *Cates v. NRPC*, 3:18-

DEF NRPC'S MOTION FOR CLARIFICATION OF ORDER DENYING
DEF'S MOTION FOR PO - 1
CASE NO. 3:18-cv-05451-BHS
019188.0409/7464914.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

cv-05448, *Mitchem v. NRPC*, 3:18-cv-05366-BHS, *Rincon v. NRPC*, 3:18-cv-5415-BHS, *Skyllingstad v. NRPC*, 2:18-cv-00648-BHS, and *Cottrell v. NRPC*, 3:18-cv-00072-BHS. The Court has also granted Plaintiff's motions to compel and denied Amtrak's motions for protective orders in *Goetz v. NRPC*, 2:18-cv-00093-BHS and *Harris v. NRPC*, 2:18-cv-00134-BHS.

As explained below, Amtrak respectfully requests clarification of the Order on two points – (1) the Order's language referencing comparative fault and Consumer Protection Act ("CPA") discovery and (2) the sequencing of punitive damages discovery.

### III.    AUTHORITY & ARGUMENT

#### A.    Amtrak Requests Clarification of the Court's Order with Respect to Comparative Fault and CPA Discovery

The Court's order includes a brief reference to discovery on comparative fault and Plaintiff's CPA claim. *See* Dkt. 22 at 3 ("[t]he same is true of Amtrak's attempt to limit discovery related to comparative fault and Douglas's CPA claim."). Amtrak respectfully believes that the clear record before the Court warrants clarification on this point.

##### 1.    Amtrak Previously Withdrew its Conditional Mitigation Defense

First, Amtrak respectfully submits that the reference to comparative fault should be stricken from the Order because Amtrak has unequivocally withdrawn its conditional comparative fault defense in all DuPont derailment cases where it alleged that defense. *See, e.g.,* Dkt. 17 at 2 ("Amtrak…withdraws [its conditional mitigation of damages] defense to remove any doubt on this point."). Amtrak will, upon direction from the Court, file Amended Answers without this defense if the Court would prefer Amtrak do so. Given that there are no fault-based defenses in the case at all, Amtrak respectfully submits that the Court's reference to the existence of such a defense in its ruling should be removed from the Order.

##### 2.    Plaintiff's CPA Discovery Should Be Limited in Scope

Plaintiff is apparently basing her CPA injury theory on a claimed temporary deprivation of funds. *See* Dkt. 15 at 9 (citing authorities for the proposition that a temporary deprivation of funds is sufficient to support the CPA's injury element and claiming that Amtrak "concedes that

DEF NRPC'S MOTION FOR CLARIFICATION OF ORDER DENYING DEF'S MOTION FOR PO - 2
CASE NO. 3:18-cv-05451-BHS
019188.0409/7464914.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

plaintiff has met the minimal private injury threshold").  Plaintiff does not dispute that Amtrak promptly refunded her ticket fare.  *See id.*  Given the apparently *de minimus* nature of Plaintiff's claimed CPA injury, Amtrak respectfully submits that the CPA discovery allowed be limited in scope.

A private CPA claim has five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) a public interest impact; (4) an injury to the plaintiff in his or her business or property; and (5) causation.  *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).  Amtrak will not contest elements (2) or (3) in this and any other DuPont derailment case in which a Plaintiff is currently asserting a CPA claim.  Discovery on element (4) – the precise nature and amount of Plaintiff's alleged injury – is in the exclusive possession of Plaintiff.  Discovery with respect to elements (1) and (5) arguably includes information within the possession of both parties.  Because Amtrak operates a number of routes across the country, only one of which is involved in this case, Amtrak's discovery burden should be limited to discoverable information and materials related to its advertising and other public representations with respect to new service on the Point Defiance Bypass.

**B.  Amtrak Respectfully Requests that the Court Clarify the Sequence of Punitive Damages Discovery**

The Court's Order states: "Choice of law, however, is an issue in this case, and Douglas has shown that some authority exists for the Court to allow punitive damages under another jurisdiction's law…To the extent punitive damages are an issue in this case, discovery related to this issue is relevant[.]"  Dkt. 22 at 3.  Amtrak submits that as presently written, the Order could be interpreted to allow discovery either (1) into the choice of law issue only or (2) the choice of law issue and substantive matters related to the underlying merits of this claim.  Amtrak's position is that the former interpretation is more consistent with the way the parties have presented the issue in their motions and the actual analysis required under Washington choice of law rules, and would save both parties an enormous amount of potentially unnecessary discovery

DEF NRPC'S MOTION FOR CLARIFICATION OF ORDER DENYING
DEF'S MOTION FOR PO - 3
CASE NO. 3:18-cv-05451-BHS
019188.0409/7464914.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1   practice in the event that punitive damages are found to be unavailable based upon this Court's

2   decision on the choice of law question.

3       In order for Plaintiff to successfully recover punitive damages in this case, she must clear

4   two separate hurdles.  First, Plaintiff must convince this Court that the law of a jurisdiction

5   authorizing punitive damages applies to the punitive damages issue.  Second, Plaintiff must meet

6   the national standard applicable to punitive damages claims against Amtrak by its passengers

7   established by 49 U.S.C. § 28103(a)(1). *See Williams v. Nat'l R.R. Passenger Corp.,* No. 2:12-

8   CV-16-JD-PRC, 2013 WL 4788119, at *5 (N.D. Ind. Sept. 9, 2013) (Indiana state law standard

9   for award of punitive damages preempted by 49 U.S.C. § 28103).  49 U.S.C. § 28103(a)(1) states

10  in relevant part:

> [I]n a claim for personal injury to a passenger…arising from or in connection
> with the provision of rail passenger transportation… punitive damages, **to the
> extent permitted by applicable State law,** may be awarded in connection with
> any such claim only if the plaintiff establishes by **clear and convincing
> evidence** that the harm that is the subject of the action was the result of conduct
> carried out by the defendant with a **conscious, flagrant indifference to the
> rights or safety of others.**

16  (Emphasis added).

17      Amtrak and Plaintiff agree that Washington's "most significant relationship test" which

18  incorporates the principles of the *decepage* doctrine, governs whether Plaintiff can clear the first

19  hurdle.  *See* Dkt. 9 at 7-11 (Amtrak's discussion of Washington's most significant relationship

20  test); Dkt. 15 at 1, 9-10 (Plaintiff's assertion of viable punitive damages claims under *decepage*

21  doctrine and argument for application of the choice of law principles set forth in cases applying

22  Washington's "most significant relationship" test).

23      The first step of the most significant relationship test has four primary factors: (a) the

24  place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c)

25  the domicile, residence, nationality, place of incorporation and place of business of the parties;

26

27

DEF NRPC'S MOTION FOR CLARIFICATION OF ORDER DENYING
DEF'S MOTION FOR PO - 4
CASE NO. 3:18-cv-05451-BHS
019188.0409/7464914.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1  and (d) the place where the relationship, if any, between the parties is centered. *Johnson v. Spider*

2  *Staging Corp.*, 87 Wn.2d 577, 580-581, 555 P.2d 997 (1976).[1]

3          As is often the case, the parties' disagreement over how the test should be applied centers

4  on factor (b) – the place where the conduct causing the injury occurred. *See* Dkt. 9 at 7-11; Dkt.

5  15 at 1, 9-10. As set forth in detail in the parties' briefing, Amtrak's view was that the existing

6  factual record was sufficient to establish that Washington state is where the relevant conduct

7  occurred, and Plaintiff's view was that she was entitled to further discovery on this issue because

8  Amtrak is headquartered in the District of Columbia. *See id.* Under the Court's Order, discovery

9  on this question will now move forward.

10         Where Amtrak requests clarification is with respect to the second hurdle, i.e., the

11  substantive aspect of Plaintiff's punitive damages claim. Amtrak is unclear as to whether the

12  Order requires it to respond only to discovery that would inform whether the law of another

13  jurisdiction should apply to the punitive damages issue, or whether the Order also contemplates

14  broad-ranging discovery on whether Amtrak's conduct rose to the heightened level required

15  under 49 U.S.C. § 28103(a)(1) for the imposition of punitive damages.

16         Amtrak believes there is good cause to conduct punitive damages discovery in two

17  phases, with the first phase directed solely toward the choice of law issues and a potential second

18  phase, if necessary, into the "merits" of Plaintiff's punitive damages claim after the choice of law

19  issue has been determined by motion practice.

20  //       //

21

22  //       //

23

24  //       //

25

26  [1] The second step is only considered if the four first-step factors are evenly balanced. *Bryant v. Wyeth*, 879 F. Supp. 2d 1214, 1220 (W.D. Wash. 2012). These potential "second step" factors are discussed in footnote 2 of Amtrak's

27  Motion for Protective Order, but should not be applicable given how heavily the first-step factors weigh in favor of applying Washington's bar on punitive damages. *See* Dkt. 17 at 8, n.2.

DEF NRPC'S MOTION FOR CLARIFICATION OF ORDER DENYING
DEF'S MOTION FOR PO - 5
CASE NO. 3:18-cv-05451-BHS

019188.0409/7464914.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1

## IV.   CONCLUSION

2   Amtrak respectfully seeks clarification of the Order as stated above.

3   DATED this 31st day of October 2018.

4                                LANE POWELL PC

5

6                        By: /s/ Andrew G. Yates
                             Tim D. Wackerbarth, WSBA No. 13673
7                            wackerbartht@lanepowell.com
                             Andrew G. Yates, WSBA No. 34239
8                            yatesa@lanepowell.com
                             Warren E. Babb, Jr., WSBA No. 13410
9                            babbw@lanepowell.com
                             Jeffrey M. Odom, WSBA No. 36168
10                           odomj@lanepowell.com

11                           Attorneys for Defendant National Railroad
                             Passenger Corporation
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEF NRPC'S MOTION FOR CLARIFICATION OF ORDER DENYING
DEF'S MOTION FOR PO - 6
CASE NO. 3:18-cv-05451-BHS
019188.0409/7464914.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1

2   **CERTIFICATE OF SERVICE**

I hereby certify that on the _31st_ day of October 2018, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a

4   Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the

5   CM/ECF system.   The NEF for the foregoing specifically identifies recipients of electronic

6   notice.   I hereby certify that the following document was sent to the following CM/ECF

7   participant:

8   Robert N. Gellatly                     Kevin P. Durkin, *Pro Hac Vice*
    David M. Beninger                      Sean P. Driscoll, *Pro Hac Vice*
9   Andrew Hoyal                           Clifford Law Offices, P.C.
                                           120 N. LaSalle Street, 31st Floor
10  Luvera Law Firm                        Chicago, IL  60602
    701 Fifth Avenue, Suite 6700           kpd@cliffordlaw.com
11  Seattle, WA 98104-7016                 spd@cliffordlaw.com
    robert@luveralawfirm.com
12  david@luveralawfirm.com
    andy@luveralawfirm.com
13

14
    and I hereby certify that I have mailed by United States Postal Service the document to the
15
    following non-CM/ECF participants:
16

17  DATED this _31st_ day of October 2018.

18

19

20  _Sabrina Mitchell_
    Sabrina Mitchell

21

22

23

24

25

26

27

DEF NRPC'S MOTION FOR CLARIFICATION OF ORDER DENYING
DEF'S MOTION FOR PO AND GRANTING MTC - 7
CASE NO. 3:18-cv-05451-BHS
019188.0409/7464914.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107